1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS JOHN HEILMAN,

11            Plaintiff,                    No. 2:12-cv-1966 GGH P

12        vs.

13   TODD WASKO, et al.,

14            Defendants.              ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).  This case is before the undersigned pursuant to plaintiff's consent.  Doc. 4.

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            The court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

25   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

26   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

                                        1

U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff's complaint contains many allegations of retaliation against several defendants.  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action against Wasko, however, the remaining defendants are

2

dismissed with leave to file an amended complaint within 28 days of service of this order.

Failure to file an amended complaint will result in all defendants, except Wasko, being dismissed

from this action.

Plaintiff alleges that he filed various grievances against Wasko and as a result

Wasko fraudulently created several disciplinary infractions against plaintiff over several years.

The allegations against the remaining defendants are far too vague to allege cognizable claims.

Plaintiff says defendant Haley made an "implied threat" to withhold plaintiff's telephone court

appearances after learning that plaintiff and Wasko argued about phone calls.  Plaintiff concludes

this was in retaliation for his protected conduct against Wasko, but provides nothing to support

this conclusion, nor does plaintiff describe the "implied threat."  Plaintiff identifies other

defendants who took part in hearings or had supervisory position and alleges retaliation simply

because these other events involved fraudulent disciplinary infractions created by Wasko.  That

other defendants may have acted on allegedly fraudulent disciplinary infraction does not per se

make them liable or aware of the original retaliatory conduct.  That plaintiff concludes these

other defendants were aware of the retaliation is insufficient to state a claim nor is it sufficient

that these defendants may have been aware of plaintiff's allegations, but did not credit them.

Plaintiff must describe specifically how these other defendants retaliated against him for

protected conduct.  Plaintiff must plead factual content that allows the court to draw the

reasonable inference that the defendants are liable for the misconduct alleged.  Ashcroft v. Iqbal,

556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570).

To state a viable claim for retaliation in violation of the First Amendment in the

prison context, a plaintiff must show five basic elements: "(1) An assertion that a state actor took

some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and

that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the

action did not reasonably advance a legitimate correctional goal." Brodheim v. Cry, 584 F.3d

1262, 1269 (9th Cir. 2009) (quoting Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)).

1  Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific

2  facts showing retaliation because of the exercise of the prisoner's constitutional rights."  Frazier

3  v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990).  Adverse action is action that "would chill a

4  person of ordinary firmness" from engaging in the protected activity.  Pinard v. Clatskunie

5  School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006).  Plaintiff need not show that "'his speech was

6  actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill or silence

7  a person of ordinary firmness from future First Amendment activities.'"  Brodheim at 1271.

8  Plaintiff also bears the burden of pleading and proving the absence of legitimate correctional

9  goals for the conduct of which he complains.  Id.

10          The Civil Rights Act under which this action was filed provides as follows:

11          Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
12          deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
13          law, suit in equity, or other proper proceeding for redress.

14  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

15  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

16  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

17  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

18  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

19  omits to perform an act which he is legally required to do that causes the deprivation of which

20  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21          Moreover, supervisory personnel are generally not liable under § 1983 for the

22  actions of their employees under a theory of respondeat superior and, therefore, when a named

23  defendant holds a supervisorial position, the causal link between him and the claimed

24  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

25  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

26  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

4

in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's requests for leave to proceed in forma pauperis (Docs. 7, 8) are granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  The fee shall be collected and paid in accordance with this court's order to the

\\\\\

1   Director of the California Department of Corrections and Rehabilitation filed concurrently

2   herewith.

3            3.  The complaint is dismissed for the reasons discussed above, with leave to file

4   an amended complaint, within twenty-eight days from the date of service of this order.  Failure to

5   file an amended complaint will result in all defendants being dismissed and the case proceeding

6   against defendant Wasko.

7   DATED: September 24, 2012

8
                                      /s/ Gregory G. Hollows
9                           UNITED STATES MAGISTRATE JUDGE

10  GGH: AB
    heil1966.b

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26