UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, | No. 2:12-cv-01966-JAM-AC-P |
| Plaintiff, | |
| v. | ORDER |
| TODD WASKO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds with a single claim that defendant Wasko violated his rights under the First Amendment. Currently pending before the court is defendant's motion to modify the discovery and scheduling order, ECF No. 42, and two separate requests for blank subpoena duces tecum forms filed by plaintiff. See ECF No. 40, 41.

In his motion to modify the January 2, 2014 Scheduling Order, defense counsel indicates that he is unable to meet the court imposed deadlines referenced in the order due to his present work load as well as the tight time frame given by the court. He requests that the current discovery deadlines be extended by thirty days so that defendant may serve his own discovery requests on plaintiff.

Pursuant to Rule 16(b)(4), and for good cause shown, the court's discovery and scheduling order is hereby modified to reflect the following: (1) all discovery requests pursuant

1

1  to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served up to and including April 25, 2014; (2) the
2  deadline for the parties to conduct discovery, and to bring any necessary motions to compel, is
3  extended up to and including, June 24, 2014; and (3) the dispositive motions deadline is extended
4  up to and including September 22, 2014.

5        Also pending before the court are plaintiff's two separate requests for blank subpoena
6  duces tecum forms pursuant to Rule 45(a)(3) of the Federal Rules of Civil Procedure.  These
7  requests are made in an effort to obtain "documents within the possession, custody, or control of
8  prison staff at CMF-Vacaville concerning the claims against T. Wasko."  ECF No. 45 at 1-2.  The
9  requests will be granted.  However, plaintiff is reminded that documents likely to be within the
10 possession, custody or control of the defendant personally should be sought through discovery,
11 and subpoenas used only to obtain documents that may not be obtained from the defendant.  See
12 Contardo v. Merrill Lynch, Pierce, Fenner & Smith, 119 F.R.D. 622, 624 (D. Mass. 1988) (for
13 purposes of discovery, Rule 34 is directed at parties and Rule 45 is directed at non-parties);
14 Swartout v. LaNore, P.A., 2009 WL 1770540 (W.D. Mich. 2009) (same); 9A Wright and Miller:
15 Federal Practice and Procedure section 2452 (1995) (stating that "Rule 45 has a close relation to
16 the proper functioning of the discovery rules.  Most notably, a subpoena is necessary to compel
17 someone who is not a party to appear for the taking of the deposition.").

18       Accordingly, IT IS HEREBY ORDERED that:

19       1. Defendant's motion to modify the discovery and scheduling order (ECF No. 42) is
20 granted as indicated herein; and,

21       2. Plaintiff's requests for blank subpoena duces tecum forms (ECF Nos. 40, 45) are
22 granted.  The Clerk is directed to issue plaintiff two subpoena duces tecum forms, signed but
23 otherwise blank, pursuant to Fed. R. Civ. P. 45.

24 DATED: March 17, 2014

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE