UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, | No. 2:12-cv-01966 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| TODD WASKO, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds with a single claim that defendant Wasko violated plaintiff's First Amendment rights. Currently pending before the court are two motions to compel filed by plaintiff, a motion to withdraw one of the motions to compel, and a request for clarification filed by defendant. ECF Nos. 54, 55, 59, 60. The court will address each motion in turn.

Turning first to plaintiff's motion to compel the non-party CDCR to disclose subpoenaed records, plaintiff indicates that a subpoena duces tecum previously issued by this court has not been responded to by the California Medical Facility, to whom it was directed. ECF No. 55. However, a review of this court's docket indicates that plaintiff never returned the completed subpoena duces tecum form that was issued by the court on April 18, 2014. See ECF No. 46. Therefore, the United States Marshall has not been able to properly serve the subpoena duces

1  tecum.  See Fed. R. Civ. P. 45(b)(1) (describing proper method of service for a subpoena); see
2  also Chima v. U.S. Department of Defense, 23 Fed. Appx. 721, 2001 WL 1480640, at * 2 (9th
3  Cir. 2001) ("service by mail rather than by personal service" of subpoenas duces tecum on
4  defense witnesses held improper).  Without proper service, no response is required.  See ECF No.
5  61 (Letter from California Medical Facility regarding nonservice of subpoena form).  In light of
6  this history, the court will deny plaintiff's motion to compel the non-party CDCR to disclose
7  subpoenaed records.  However, the denial is without prejudice.  The court will grant plaintiff one
8  last opportunity to return the previously issued subpoena duces tecum form so that it may be
9  properly served on the California Medical Facility.  In light of plaintiff's failure to obtain the
10 requested documents within the discovery deadline previously set by the court, the discovery
11 deadlines will be modified, sua sponte.
12         Plaintiff's additional motion to compel supplemental discovery responses from defendant
13 was filed on May 27, 2014.  ECF No. 54.  In that motion, plaintiff objects to defendant's
14 responses to his first set of requests for admissions, interrogatory responses, and his requests for
15 production of documents.  Id.  However, before defendant could file a response, plaintiff filed a
16 motion to withdraw the motion to compel.  ECF No. 59.  In the motion to withdraw, plaintiff
17 indicates that the motion to compel is now moot and should be withdrawn in light of defendant's
18 responses to his second set of requests for admissions.  ECF No. 59.  Since plaintiff's original
19 motion to compel pertained to the first set of discovery requests, defendant filed a request for
20 clarification of the status of the motion to compel.  ECF No. 60.  In light of plaintiff's averments
21 in his motion to withdraw, notwithstanding their lack of clarity, and in light of the extended
22 discovery schedule now governing this matter, the court will grant plaintiff's motion to withdraw
23 his motion to compel supplemental discovery responses from defendant without prejudice.
24         Accordingly, IT IS HEREBY ORDERED that:
25         1. Plaintiff's motion to withdraw the motion to compel as moot (ECF No. 59) is granted
26 without prejudice;
27         2. Plaintiff's motion to compel supplemental discovery responses from defendant (ECF
28 No. 54) is hereby withdrawn based on plaintiff's request;

3. Plaintiff's motion to compel the non-party CDCR to disclose subpoenaed records (ECF No. 55) is denied without prejudice;

4. Within twenty-one days from the date of this order, plaintiff shall return the previously signed subpoena duces tecum form to the court in order to effectuate proper service of process by the United States Marshall;

5. The deadline for the parties to conduct discovery and to bring any necessary motions to compel is extended until September 3, 2014 pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure for good cause shown; and,

5. The dispositive motions deadline is now extended until December 15, 2014.

DATED: July 7, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3