UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

Plaintiff,

v.

TODD WASKO, et al.,

Defendants.

No.  2:12-cv-01966 JAM AC P

ORDER

INTRODUCTION

Plaintiff is a state prisoner incarcerated under the authority of the California Department of Corrections and Rehabilitation (CDCR), proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action proceeds on the original complaint filed July 26, 2012, ECF No. 1, against sole defendant Correctional Officer R. Wasko. Plaintiff pursues a First Amendment retaliation claim that defendant, acting in retaliation against plaintiff for filing an administrative grievance against defendant on September 5, 2008, made false allegations against plaintiff in a CDC-115 Rules Violation Report (RVR), concerning an alleged incident on October 28, 2011.  Plaintiff contends that the RVR caused adverse consequences including placement in the Administrative Segregation Unit (ASU), an adverse prison transfer, and denial of parole.  ECF No. 1 at 22-3, 26-7.  At the time, plaintiff was housed at the California Medical Facility (CMF).  Plaintiff is currently incarcerated at the California

1

1   Men's Colony in San Luis Obispo.

2          On December 18, 2013, this court granted defendant's motion to dismiss plaintiff's

3   retaliation claims premised on three CDC 128-B Chronos defendant authored against plaintiff,

4   dated December 10, 2009, July 20, 2011, and September 12, 2011, on the ground that plaintiff

5   failed to exhaust administrative remedies.  ECF No. 36; see also ECF No. 21 (Findings and

6   Recommendations).

7          By order filed August 14, 2014, the deadline for completing discovery in this action was

8   extended to November 17, 2014, and the deadline for filing dispositive motions was extended to

9   March 2, 2015.  ECF No. 69.  Cross-motions for summary judgment have been filed by plaintiff,

10   ECF No. 95, and defendant, ECF No. 97, and the briefing on these matters is currently in

11   progress.

12          This order addresses the parties' outstanding discovery disputes, a motion to quash

13   plaintiff's subpoena duces tecum, and additional matters filed by plaintiff.[1]

THE PARTIES' DISCOVERY DISPUTES

15   I. Legal Standards Common to All Discovery

16          Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

17   party's claim or defense and, for good cause, the court may order discovery of any matter relevant

18   to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1).  Relevant information need

19   not itself be admissible at trial provided the discovery appears reasonably calculated to lead to the

20   discovery of admissible evidence.  Id.

21          Generally, if the responding party objects to a discovery request, the party moving to

22   compel bears the burden of demonstrating why the objections are not justified.  See e.g., Grabek

23   v. Dickinson, 2012 WL 113799, *1 (E.D. Cal. 2012); Womack v. Virga, 2011 WL 6703958, *3

24   (E.D. Cal. 2011).  This requires the moving party to inform the Court which discovery requests

26   [1]  Due to the court's internal staffing constraints and caseload burdens, the discovery matters in
this action were not promptly addressed prior to expiration of the discovery and motion deadlines.
27   Nevertheless, the court here authorizes all additional appropriate discovery and will accord an
opportunity for supplemental briefing if later deemed necessary.

2

1   are the subject of the motion to compel, and, for each disputed response, why the information

2   sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012

3   WL 113799 at *1; Womack, 2011 WL 6703958 at *3.

4          The court is vested with broad discretion to manage discovery, Hunt v. County of Orange,

5   672 F.3d 606, 616 (9th Cir. 2012); Survivor Media, Inc. v. Survivor Productions, 406 F.3d 625,

6   635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) and, where the

7   discovery request seeks information which, based on the record, is clearly within the scope of

8   discovery and the objection lacks merit, the court may elect to exercise its discretion to reach the

9   merits of the dispute.  See e.g., Marti v. Baires, 2012 WL 2029720, *3 (E.D. Cal. 2012); Williams

10  v. Adams, 2009 WL 1220311, *1 (E.D. Cal. 2009).  The court must limit discovery if the burden

11  of producing it outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  "In each instance,

12  the determination whether ... information is discoverable because it is relevant to the claims or

13  defenses depends on the circumstances of the pending action."  Fed. R. Civ. P. 26 Advisory

14  Committee's Note (2000 Amendment), Gap Report re. Subdivision (b)(1).

15  II.     Plaintiff's Motion to Compel Further Responses to Plaintiff's Requests for Admission
        (Set Two) (Request Nos. 15 and 18), and for Sanctions, ECF No. 68
16

17         In this motion, filed August 11, 2014, plaintiff seeks sanctions and further responses to his

18  Requests for Admissions (Set Two), Nos. 15 and 18.  ECF No. 68.  Defendant filed an

19  opposition, ECF No. 70; plaintiff filed a reply, ECF No. 75.  The subject Requests for

20  Admissions (Set Two), were served April 22, 2014; defendant served his responses on June 5,

21  2014.

22         A.  Legal Standards for Requests for Admission

23         The permissible scope of a request for admission is set forth in Rule 36(a), Federal Rules

24  of Civil Procedure, which provides:

25              A party may serve on any other party a written request to admit, for
               purposes of the pending action only, the truth of any matters within
26             the scope of Rule 26(b)(1) relating to: (A) facts, the application of
               law to fact, or opinions about either; and (B) the genuineness of any
27             described documents.

28  Fed. R. Civ. P. 36(a)(1).  Requests for admission are intended to narrow the issues for trial by

3

1 identifying and eliminating the matters on which the parties agree.  Safeco of Am. v. Rawstron,

2 181 F.R.D. 441, 443 (C.D. Cal. 1998).  A matter is deemed admitted unless the responding party

3 serves a written answer or objection within thirty days after service of the request.  Fed. R. Civ. P.

4 36(a)(3).  If an objection is made in place of an admission or denial, the responding party must

5 state the reasons for the objection.  Fed. R. Civ. P. 36(a)(5).  If the court finds an objection is not

6 justified, "it must order that an answer be served."  Fed. R. Civ. P. 36(a)(6).  "On a finding that an

7 answer does not comply with [Rule 36], the court may order either that the matter is admitted or

8 that an amended answer be served."  Id.

9      B.  Analysis

10         1.  Plaintiff's Request for Admission No. 15

11 As originally worded, plaintiff's Request for Admission No. 15 sought the following:

12
13 > Do you admit or deny that your initially documenting the
> 10/28/2011 incident on a Form 128-B was not for disciplinary acts
> of wrong doing by Heilman.

14 Defendant responded:

15
16
17 > Objection.  The request for admission is vague as to phrase
> "disciplinary acts of wrong doing by Heilman."  The request for
> admission is stated in a way that Defendant does not know what
> fact he is requested to admit or deny.  Defendant therefore cannot
> respond to this request.

18 Plaintiff asserts that defendant's response was evasive and offers to reword Request No.

19 15 as follows:

20
21 > Do you admit or deny that the 128-B General Informative Chrono
> you authored against Inmate Heilman [CDC#], on 10/28/2011, was
> not for a disciplinary rules violation!

22 ECF No. 68 at 4 (original emphasis).  Defendant maintains that this request is vague, confusing

23 and irrelevant.

24 Review of the complaint and exhibits, see ECF No. 1 at 20-35, and Exs. G and H,

25 demonstrates that defendant Wasko informed another CDCR official, J. Zometa, in a November

26 29, 2011 email, that he originally documented his alleged October 28, 2011 interaction with

27 plaintiff on a CDC 128-B Chrono, but Captain Walker had defendant change it to a CDC 115

28 Rules Violation Report (RVR).  Defendant noted in the email that "[t]he fact that the RVR was

1   [thereafter] reduced to a 128-A does not change my belief that Heilman is a threat to my safety.

2   Please keep me advised if administration plans to release Heilman from ASU."  ECF No. 1 at 84,

3   Ex. H.  Pursuant to the November 17, 2011 hearing on the CDC 115 (entitled "Threatening

4   Staff"), the Senior Hearing Officer reduced the "Serious RVR" to an Administrative CDC 115,

5   which he then dismissed, and instead documented plaintiff's alleged conduct on a CDC 128-A

6   Custodial Counseling Chrono for violation of Cal. Code Regs., tit. 15, § 3004(b) (requiring

7   respectful behavior), and "warned and counseled [plaintiff] in regard to his future behavioral

8   expectations."  ECF No. 1 at 68, Ex. G.

9          Plaintiff appears to argue that, if defendant acknowledges he intentionally violated CDCR

10  rules by initially documenting plaintiff's alleged behavior on a CDC 128-B (to assert that

11  plaintiff's alleged conduct was more egregious than it actually was), this will demonstrate

12  defendant's intent to retaliate against plaintiff.  While this argument suggests some relevance to

13  the subject request, the court finds that the request, even as modified, remains unhelpful in

14  "narrow[ing] the issues for trial."  Rawstron, 181 F.R.D. at 443.  Defendant's defense of this

15  action demonstrates his denial of plaintiff's theory, and the record is replete with defendant's

16  assertions that he felt threatened by plaintiff.  Whether this assertion is truthful and/or reasonable

17  are questions of fact that will be determinative of plaintiff's retaliation claim.  See Rhodes v.

18  Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).[2]  Requiring a further (and predictable) response

19  to this request would be futile.

20         Accordingly, plaintiff's motion to compel defendant's further response to plaintiff's

21  Request for Admission (Set Two) No. 15, is denied.

22              2.  Plaintiff's Request for Admission No. 18

23         Plaintiff's Request for Admission No. 18 seeks the following:

24              Do you admit or deny that "intimidating staff" is a serious rules

25  _____

26  [2]  "Within the prison context, a viable claim of First Amendment retaliation entails five basic
    elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)
    because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

27  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate
    correctional goal."  Rhodes, 408 F.3d at 567-68 (fn. and citations omitted).

28

1    infraction under the CCR title 15 guidelines?

2    Defendant responded:

3    > Objection.  The request is vague and overbroad as to the year and
     > revision of the California Code of Regulations, Title 15, the request
4    > references.

5    > Without waiving this objection, and assuming Plaintiff is referring
     > to the January 2011 revision of California Code of Regulations,
6    > admit in part.  "Intimidating staff" is not specifically listed as a
     > "serious rules infraction" under California Code of Regulations,
7    > Title 15, but it is prohibited conduct under California Code of
     > Regulations, Title 15, section 3005, subd. (a).

8

9    Plaintiff contends that defendant's response is evasive, and that requiring defendant to

10   respond directly to the request "will show [defendant's] intent and motives to retaliate against

11   plaintiff" because "'intimidating staff' is a serious rules violation . . . and not just 'prohibited

12   conduct.'"  ECF No. 75 at 3-4.  Plaintiff's intent in obtaining a further response to Request No. 18

13   is virtually identical to his intent in pursuing a further response to Request No. 15.  Plaintiff wants

14   defendant to acknowledge that he intentionally harassed plaintiff, and that such admission will

15   support plaintiff's retaliation claim.  For the reasons previously noted, the court finds that

16   requiring a further response to this request would be futile.

17   Accordingly, plaintiff's motion to compel defendant's further response to plaintiff's

18   Request for Admission (Set Two) No. 18, is denied.

19   C.  <u>Plaintiff's Request for Sanctions</u>

20   Plaintiff seeks sanctions pursuant to this motion on the ground that defendants have been

21   "deliberately evading providing truthful responses, and forcing Plaintiff to spend his resources to

22   obtain these responses through Court intervention," ECF No. 68 at 2, and because defense

23   counsel "continues to waste both the Court's and the Plaintiff's time and resources with

24   deception, evasion and facades," ECF No. 75 at 4.  Defendant opposes the request.  ECF No. 70

25   at 5-6.

26   Rule 37, Federal Rules of Civil Procedure, authorizes "a wide range of sanctions" for a

27   party's failure to comply with discovery rules or court orders enforcing them.  <u>Wyle v. R.J.</u>

28   <u>Reynolds Industries, Inc.</u>, 709 F.2d 585, 589 (9th Cir. 1983).  A party may be sanctioned for

1   failing to respond to or supplement discovery requests, and for evasive or incomplete responses.

2   See Fed. R. Civ. P. 37 (a), (c), (d).  "In the Ninth Circuit, sanctions are appropriate only in

3   'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the

4   party.'"  Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002) (quoting United

5   States v. Kahaluu Construction Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988) (citations omitted)).[3]

6       Here, because plaintiff's motion to compel is denied, his request for sanctions for bringing

7   this motion is also denied.

8   III.  Plaintiff's "Addendum" Motion for Sanctions Based on Defendant's Amended Responses
        to Plaintiff's Requests for Admissions (Set Two) (Request Nos. 20 and 21), ECF No. 86
9

10      The court construes as an independent motion plaintiff's "Addendum" requesting

11  sanctions based on defendant's alleged bad faith in belatedly supplementing his responses to

12  plaintiff's Requests for Admissions (Set Two), Request Nos. 20 and 21.  As earlier noted,

13  defendant served his initial responses on June 5, 2014.  Defendant supplemented his responses to

14  Request Nos. 20 and 21 on October 21, 2014.  At issue is defendant's belated acknowledgement

15  of a "Confidential Attachment C" prepared by CDCR staff in response to plaintiff's relevant

16  inmate appeal, Log No. CMF-11-M-01341, which was construed as a staff complaint against

17  defendant Wasko.  The requests, original responses and amended responses provide in pertinent

18  part:

19          Plaintiff's Request for Admission No. 20:  Do you admit or deny
            being interviewed for Heilman's allegations on 602 staff complaint,
20          Log No. CMF-11-M-01341 of "whether or not Correct. Counselor I
            Wasko violated CDCR policy/procedure by making inappropriate
21          comments and implied threats on 10-28-11 as retaliation based on a
            personal dislike of the appellant."
22
            Defendant's Original Response:  [Objections to form]. . . .Without
23          waiving these objections, deny.

24          Defendant's Amended Response: [Objections to form]. . . .Subject

25  _____

26  [3]  To the extent that plaintiff is requesting an award of costs or fees, the request is inappropriate
    because plaintiff is proceeding pro se.  See Kay v. Ehrler, 499 U.S. 432, 435 & n.5 (1991) (noting
27  that "[t]he Circuits are in agreement . . . on the proposition that a pro se litigant who is not a
    lawyer is not entitled to attorney's fees[,]" and holding that even prevailing pro se litigants who
    are attorneys are not entitled to attorney's fees) (emphasis deleted).

28

to these objections, Defendant admits in part that he was interviewed relative to Heilman's CDCR 602 staff complaint, [Log No.] CMF-11-M-01341.  Defendant denies the remainder of the request.

Plaintiff's Request for Admission No. 21:  Do you admit or deny your interview is contained in the supplemental Attachment "C" to the staff complaint, Log No. CMF-11-M-01341.

Defendant's Original Response:  [Objections to form]. . . .Without waiving these objections, Defendant has reviewed Plaintiff's grievance [Log No.] CMF-11-M-01341 but cannot find what document the request for admission is referring to, and on that basis, denies.

Defendant's Amended Response:  [Objections to form]. . . . Subject to these objections, Defendant admits in part he was interviewed relative to Plaintiff's staff complaint, Log No. CMF-11-M-01341. Defendant also admits in part that the interviewer's notes of the interview are contained in the "Confidential Attachment C" to Plaintiff's staff complaint.  Defendant denies the remainder of the request.

Defendant's counsel states that the Confidential Attachment C was not provided to him when he prepared and served defendant's original responses to plaintiff's admission requests in June 2014.  See Goodwin Decl., ECF No. 89-1 at 1-2.  Counsel was thereafter out of his office for an extended period between September and October 2014.  Upon his return, counsel learned that other staff, in preparing a response to plaintiff's third-party subpoena duces tecum, discovered that a Confidential Attachment C was generated in response to plaintiff's subject inmate appeal. Counsel avers in pertinent part:

Despite several requests for all responsive documents, this document had not been provided to me before I prepared Defendant's original responses to Plaintiff's requests for admissions, set two.  In good faith, and reasonably relying on information received during discovery, I believed that no such document existed.  In accordance with Federal Rule of Civil Procedure 26(e), upon learning of the existence of the "Confidential Attachment C," I promptly amended Defendant's discovery responses to provide additional, updated, information.

Goodwin Decl., ¶¶6-8, ECF No. 89-1 at 2.

Despite his many allegations to the contrary, see ECF Nos. 86, 91, plaintiff has presented no evidence from which to reasonably infer that defendant or defense counsel acted in bad faith in responding to, and supplementing, these requests.  Significantly, there is no evidence from which

8

1   to reasonably infer that defendant Wasko knew of the existence of the subject Confidential

2   Attachment C.  The Privilege Log submitted in support of the pending motion to quash, discussed

3   infra, designates this document "Log Number 1," and indicates that it was authored by Lt. Ross,

4   and reviewed by seven correctional officials, but not by defendant Wasko.  See ECF No. 81 at 18.

5   The asserted reasons for the belated discovery of the subject Confidential Attachment C are

6   reasonable, and counsel states under penalty of perjury that he promptly supplemented the subject

7   requests when he discovered the document, as required by Federal Rule of Civil Procedure 26(e).

8   The court finds that there is no evidence of "willfulness, bad faith, or fault" on the part of

9   defendant or defense counsel, and that any delay was substantially justified, see Fed. R. Civ. P.

10  37(c)(1).

11          For these reasons, the court finds that plaintiff's request for sanctions premised on

12  defendant's amended responses to Plaintiff's Requests for Admission Nos. 20 and 21, is without

13  merit.  The request is therefore denied.

14  IV.  Plaintiff's Motion to Compel Defendant to Provide Supplemental Discovery Responses,
         ECF No. 84
15

16          By this motion, plaintiff seeks defendant's further responses to plaintiff's Requests for

17  Admission, Request for Production of Documents, and Interrogatories.  ECF Nos. 84, 86.

18  Defendant filed an opposition, ECF No. 87; plaintiff filed a reply, ECF No. 88.

19          A.  Plaintiff's Public Records Act Request

20          In this context plaintiff filed another "Addendum," this one requesting that the court take

21  judicial notice of a January 8, 2015 "Amended Response to Public Records Request," sent to

22  plaintiff by CDCR's Office of Legal Affairs (OLA).  See ECF No. 93 at 9-11, Ex. A; see also

23  California Public Records Act (CPRA), Cal. Govt. Code § 6250 et seq.  The subject "Amended

24  Response" amended OLA's February 20, 2014 original response, discussed infra, which informed

25  plaintiff that 37 responsive pages had been identified and would be provided to plaintiff upon

26  payment of $6.44 ($4.44 copy expenses, and $2.00 postage).  Id., see also ECF No. 81 at 14.

27  Plaintiff asserts the Amended Response demonstrates that defense counsel has not been

28  forthcoming in this litigation, withheld relevant material, and "contrived a 'plan' with the Office

1    of Legal Affairs" for these purposes.   Plaintiff asks the court to consider these matters when

2    assessing his broader motion for supplemental discovery responses and sanctions.  ECF Nos. 93,

3    96.

4         The court may take judicial notice of facts that are capable of accurate determination by

5    sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.

6         Significantly, the Amended Response does not state that OLA identified additional

7    documents responsive to plaintiff's Public Records request, only that OLA's prior search did not

8    include emails that *may* have been exchanged among the identified officials during the relevant

9    period.  OLA states that it will conduct a search of those emails upon plaintiff's prepayment for

10   the expenses of the search, and that it reserves the right to assert any appropriate exemption

11   barring release of a responsive email.[4]  As defendant states in opposition, ECF No. 94, the

12   Amended Response "does not indicate any electronic records exist," and "does not show that

13   Correctional Officer Wasko has access to, custody, and/or control over additional responsive

14   documents that have not already been disclosed."  ECF No. 94 at 2.

15

16   _____

17   [4]  The Amended Response provides in pertinent part (ECF No. 93 at 9-11):

18          Everything you are asking for is in your c-file, except for the
            emails.  You may request an Olsen review to view the c-file
19          records, except for anything in the confidential section of your c-
            file.

20          As for the mails, the [CDCR] will need to compile, extract or create
            a computer program to find the records you are requesting.  Under
21          the Public Records Act, CDCR is allowed to charge you for its cost
            in so doing, per Government Code section 6253.9(b).  At this point,
22          the Staff Information Systems Analyst estimates that 16 hours are
            needed.

23
            The search will cost $865.71. . . . [¶] You will need to pay the total
24          cost before the work will be completed.   After we collect the
            records, you may be charged duplication costs and actual postage
25          costs.  Duplication costs are [now] $.12 per page.

26          . . . In addition, at this point CDCR cannot tell if any exemptions
            under the [PRA] would apply to the records you are requesting, and
27          so it reserves the right to assert any and all exemptions after the
            records have been collected and reviewed. . . .

28

For these reasons, the court finds that OLA's Amended Response contains no affirmative information and is therefore irrelevant to the merits of plaintiff's motion for additional discovery from defendants.  Plaintiff's request for judicial notice of the Amended Response is denied.

B. Motion to Compel Supplemental Responses

By the instant motion, ECF No. 84, plaintiff challenges defendant's responses to twenty-eight of plaintiff's sixty-eight Requests for Admission, eighteen of plaintiff's twenty-five Interrogatories, and thirteen of plaintiff's twenty-four Requests for Production.  Plaintiff makes only general arguments in his brief motion, anticipating that the court will examine each of the challenged requests, responses, and plaintiff's objections, as set in forth in the attachments to his motion, which total more than 100 pages.  Specifically, plaintiff asks the court to review the details of his "Good Faith Notice to Defendant Wasko to Supplement his Discovery Responses," served April 2014 in response to defendant's initial March 2014 discovery responses.[5]  See ECF No. 84 at 9-110.  In May 2014, in response to plaintiff's "Good Faith Notice," defense counsel informed plaintiff that he had "reviewed your objections, as well as my client's responses and the attachments accompanying the responses.  Because the responses are accurate and the objections are proper, my client stands on his responses."  ECF No. 84 at 7.  Plaintiff filed this motion on November 3, 2014.

Defendant has filed a comprehensive opposition to plaintiff's motion, asserting general reasons for denial, as well as responding to each of plaintiff's specific challenges.  See ECF No.

---

[5]  Plaintiff challenges defendant's responses to his Requests for Admission Nos. 11, 16-20, 23-4, 30, 33, 35, 38, 40, 50, 53, 55, 57-9, 61-3, 67, 70-3, 76, and 86.  Plaintiff asserts generally that defendant's responses are "vague, evasive, inaccurate or a failure to respond to evade providing an admission."  ECF No. 84 at 2-3.  Plaintiff directs the court to his "Good Faith Notice" to ascertain the specific grounds for plaintiff's challenges to each request.  See id. at 8-51 (Ex. B).
Similarly, plaintiff challenges defendant's responses to his Interrogatories, Nos. 2-11, 16-22, and 24.  Plaintiff asserts generally that defendant's responses are "vague, evasive, inaccurate, untruthful or a failure to respond to the request to evade providing a response."  ECF No. 84 at 4.  Plaintiff directs the court to his "Good Faith Notice" to ascertain the specific grounds for plaintiff's challenges to each request.  See id. at 68-80, 95-111 (Ex. C).
Plaintiff challenges defendant's responses to his Production Requests Nos. 1-3, 5-8, 10, 12-3, 15-6, and 20.  Plaintiff asserts generally that defendant's responses are "vague, evasive, inaccurate or a failure to respond to the request to evade providing documents."  ECF No. 84 at 3-4.  Plaintiff directs the court to his "Good Faith Notice" to ascertain the specific grounds for plaintiff's challenges to each request.  See id. at 52-67, 81-94 (Ex. C).

1    87.  As noted by defendant, several of plaintiff's requests seek information about defendants or

2    claims that have been dismissed from this action.  See e.g. Requests for Admission Nos. 16-20,

3    23, 33 and 35; Interrogatories Nos. 4-5, 7-9; and Request for Production No. 15.  Nevertheless,

4    the court finds defendant's general objections well taken.  Plaintiff has not met his burden of

5    demonstrating to the court, as to each challenged discovery response, why defendant's objections

6    are unjustified and how the requested discovery is relevant to plaintiff's claims.  See Roberts v.

7    CDCR, 2014 WL 117973, *2 (E.D. Cal. 2014).  No party can reasonably expect the court to

8    undertake an independent review of nearly sixty contested discovery responses, based only on the

9    objections that one party submitted to another.

10         Within the Ninth Circuit, "broad discretion is vested in the trial court to permit or deny

11   discovery, and its decision to deny discovery will not be disturbed except upon the clearest

12   showing that denial of discovery results in actual and substantial prejudice to the complaining

13   litigant."  Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations and internal quotation

14   marks omitted).  Plaintiff's minimal briefing on this motion indicates that he will suffer no

15   prejudice by its denial.

16         Accordingly, plaintiff's motion to compel supplemental responses, ECF No. 84, is denied.

17                          THIRD PARTY MOTION TO QUASH

18         Brian Duffy, former CMF Warden and a non-party in this action, moves to quash

19   plaintiff's subpoena duces tecum on the ground that any responsive documents are privileged.

20   See ECF Nos. 80, 81.  Plaintiff opposes the motion, ECF No. 83, and moves to compel Duffy's

21   further responses to each of his subpoena requests, ECF No. 82.  Duffy filed an opposition to

22   plaintiff's motion to compel, ECF No. 85, and plaintiff replied, ECF Nos. 91, 96.

23   I.  Procedural Background and Court's Authorization

24         By order filed August 14, 2014, this court granted plaintiff leave to submit a proposed

25   subpoena duces tecum in conformance with the Federal Rules of Civil Procedure and guidelines

26   set by the court.  ECF No. 69.  Plaintiff submitted his proposed subpoena on September 2, 2014.

27   ECF No. 73.  By order filed September 8, 2014, the court directed the United States Marshal to

28   personally serve the subpoena, together with a copy of the court's order, on Warden Duffy,.  ECF

12

No. 74.  The court limited the subpoena requests as follows (id.):

> Request Nos. 1, 5, 7, 8:  As framed.
>
> Request Nos. 2 and 3:  Limited to all documents, e-mails, memoranda or records sent from Capt. T. Walker and received by Warden Duffy.
>
> Request Nos. 4 and 6:  Stricken.
>
> Request No. 9:  Limited to the production of said documents for plaintiff's inspection and photocopying at his own expense.

In his motion to quash, filed October 10, 2014, Duffy states that there are no existing documents responsive to Request Nos. 1, 2, 3 and 7; that, liberally construed, the materials that may be responsive to Request No. 7 are privileged; that the materials responsive to Request No. 8 are privileged; and that the documents responsive to Request No. 9 will be provided to plaintiff upon receipt of payment for the copying costs.  See ECF No. 81 at 2.  Warden Duffy has submitted a privilege log in support of withholding responsive documents.  Neither Duffy nor plaintiff contest the response to Request No. 5[6] which, therefore, is not further addressed by the court.  Thus, the matters at issue are plaintiff's Request Nos. 1-3 and 7-9.

II.  Legal Standards Governing Motion to Quash or Modify Subpoenas

Rule 45(d)(3), Federal Rules of Civil Procedure, governs motions to quash or modify a subpoena.  Rule 45(d)(3)(A) identifies the following circumstances in which a court is required to grant a motion to quash or modify a subpoena:

> (A)  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> . . . (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)[(2)(a)] [limiting place of compliance to "within 100 miles of where the person resides, is employed, or regularly transacts business in person"];
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

---

[6] Request No. 5 sought the following information:

> Please provide the name and identity of the Unit II Facility Captain on the date of September 10, 2011.

1    (iv) subjects a person to undue burden.

2    Fed. R. Civ. P. 45(d)(3)(A).

3    　　In assessing the merits of a motion to quash, the court is guided by Rule 26, which

4    authorizes the discovery of "any nonprivileged matter that is relevant to any party's claim or

5    defense," Fed. R. Civ. P. 26(b), while cognizant that discovery restrictions "may be broader when

6    a nonparty is the target of discovery," Dart Industries Co. v. Westwood Chemical Co., 649 F.2d

7    646, 649 (9th Cir. 1980).   "In spite of the extremely broad interpretation given Rule 26(b) in

8    regard to party discovery, the cases have construed this provision more narrowly when it is

9    applied to non-parties." Laxalt v. McClatchy, 116 F.R.D. 455, 457 (D. Nev. 1986).

10   III. Analysis

11   　　A. General Objections

12   　　Warden Duffy generally objects to the subpoena on the ground that it appears to require

13   his appearance at plaintiff's place of incarceration, California Men's Colony in San Luis Obispo,

14   which is more than 100 miles from his current employment as Warden of the California Health

15   Care Facility in Stockton. See Fed. R. Civ. P. 45(d)(3)(a)(ii).  However, for the reasons set forth

16   below, Warden Duffy's appearance will not be required because the only responsive document

17   that will be ordered produced may be served by mail on plaintiff or through his institution's

18   litigation coordinator.  Accordingly, any objection based on distance is overruled.

19   　　B. Request Nos. 1, 2 and 3

20   　　These requests, as limited by the court's order filed September 8, 2014, seek the following

21   information:

22   　　　　Request No. 1:   A copy of the California Medical Facility's
operational plans and procedures pertaining to the required "course
23   of action" a prison staff member must implement when threatened
by an inmate.
24
　　　　Request No. 2:  All documents, e-mails, memoranda or records sent
25   from Capt. T. Walker and received by Warden Duffy concerning
[plaintiff] and pertaining to allegations of "threatening staff."
26
　　　　Request No. 3:  All documents, e-mails, memoranda or records sent
27   from Capt. T. Walker and received by Warden Duffy concerning
the "adverse transfer" of [plaintiff].
28

14

In response to each of these requests, Duffy stated that he had conducted a diligent search but had located no responsive documents.  Nevertheless, plaintiff challenges the objections asserted by Duffy, and asserts that his representation concerning no responsive documents is unconvincing.  See ECF No. 82 at 4-7.

Plaintiff presents theories for his disbelief, but no more.  In the absence of evidence to the contrary, plaintiff is required to accept Duffy's responses to these requests that, despite a diligent search, no responsive documents exist.[7]  See e.g. Mootry v. Flores, 2014 WL 3587839, *2 (E.D.

---

[7]  Duffy provided the following objections to plaintiff's Request Nos. 1-3:

> Response to Request No. 1:  Warden Duffy objects to item number one on the grounds that it is vague and overbroad as to the term "threatened by an inmate," because a threat may be minor or life-threatening, verbal or physical, direct or implied.  The request is also vague and overbroad as to the term "prison staff member" because there are a myriad of staff member positions from medical personnel, librarians, and groundskeepers, to cooks, correctional officers, and counselors, to name only a few.  The request is also overbroad because it is unlimited as to time.  The appropriate "course of action" in response to threatening behavior by an inmate may vary  depending upon the specific conduct, number of inmates involved, perceived threat, location, as well as the staff member's position, post, and command hierarchy.  In addition, portions of Title 15, and the Departmental Operations Manual may address the course of action for certain staff to take when encountering certain threatening behavior by an inmate; however, to Warden Duffy's knowledge, the California Medical Facility has no local "operational plans and procedures" specific to that institution and pertaining to this subject.  Therefore, no responsive documents exist.

> Response to Request No. 2:  Warden Duffy objects to item number two on the grounds that it is overbroad because it is unlimited as to time.  Without waiving this objection, despite a diligent search, Warden Duffy has not located any documents, emails, memoranda, or records sent from Captain T. Walker and received by Warden Duffy concerning inmate Heilman threatening staff. Therefore, no documents will be produced in response to item number two.

> Response to Request No. 3:  Warden Duffy objects to item number two on the grounds that it is overbroad because it is unlimited as to time.  Without waiving this objection, despite a diligent search, Warden Duffy has not located any documents, emails, memoranda, or records sent from Captain T. Walker and received by Warden Duffy concerning inmate Heilman's transfer.  Therefore, no documents will be produced in response to item number three.

1    Cal. 2014) ("Defendants cannot be required to produce documents that do not exist.  Absent

2    evidence to the contrary, which has not been presented, Plaintiff is required to accept Defendants'

3    response no such documents exist."); accord, Holt v. Nicholas, 2014 WL 250340, *4 (E.D. Cal.

4    2014) ("Absent evidence to the contrary, which has not been presented, Plaintiff is required to

5    accept Defendant's amended response that no such documents responsive to his request exist.");

6    Ransom v. Johnson, 2009 WL 1025587, *7 (E.D. Cal. 2009) ("Plaintiff is required to accept that

7    Defendant has no responsive documents in his possession, custody, or control.").  No more is

8    required.

9        Accordingly, plaintiff's motion to compel further responses to Request Nos. 1, 2 and 3 in

10   his subpoena duces tecum served on Warden Duffy is denied.

11       C.  Request No. 7

12       Pursuant to this request, plaintiff seeks the following:

13           Request No. 7:  Please provide a copy of the Dept. of Corrections
             training manual which pertains to prison staff actions when either
14           threatened by, or in fear of one's safety by a CDCR prison inmate.

15       Warden Duffy responded that, construing plaintiff's request literally, there are no

16   responsive documents.  However, to the extent that documents other than a "training manual"

17   may address the conduct of prison staff in responding to inmate threats, such documents are

18   privileged and identified in Duffy's privilege log.[8]  See Duffy Decl., Ex. B (ECF No. 81 at 17-

19   _____

20   [8] Duffy's response provides in full, ECF No. 85 at 6-7:

21           Response to Request No. 7:  Warden Duffy objects to item number
             seven on the grounds that it is overbroad as to time.  It is also vague
22           as to "training manual" and overbroad as to "prison staff" because
             training materials may vary depending upon the staff member's
23           position and post.   Moreover, inmate Heilman is not permitted to
             possess the requested items under California Code of Regulations,
24           Title 15, sections 3450(d) [no inmate shall handle confidential
             information] and 3321(a)(1) [confidential information includes that
25           which would endanger the safety of any person or jeopardize the
             security of the institution].  Warden Duffy further objects on the
26           grounds that responsive materials are protected in light of
             substantial risks to staff, inmates, and public safety if the
27           documents were disclosed.  Fed. R. Civ. P. 45(d)(3)(A)(iii).  Such
             materials are also subject to the official information privilege.  A
28   (continued…)

16

1    30).

2         Duffy's privilege log lists, in pertinent part, 17 documents (Log Numbers 2 through 18)

3    withheld on the basis of "official information."  These documents are various instructor guides

4    and lesson plans authored by staff at CDCR's Office of Training and Professional Development

5    (OTPD), Correctional Training Center (CTC).  The materials are used for training CDCR staff

6    and cadets at the Basic Correctional Officer Academy (BCOA), and include training on arrest and

7    control, staff relations, managing effective interaction and conflict, radio communication and

8    alarm devices, and use of force.  See Duffy Decl., Ex. B (ECF No. 81 at 17-30).    In his

9    declaration before this court, Warden Duffy provides a detailed explanation how disclosure of

10   these materials would jeopardize the safety and security of inmates and staff alike.[9]

---

privilege log and declaration supporting this assertion of privilege
will be served upon inmate Heilman within a reasonable time, and
by the date for responding to the subpoena.   See In re DG
Acquisition Corp., 151 F.3d 75, 81 (2nd Cir. 1998) (a full privilege
log may follow objections "within a reasonable time").  Accord, In
re Department of Justice Subpoenas to ABC, 263 F.R.D. 66, 70 (D.
Mass. 2009); Leonard v. Doyle, No. CV 12-25-M, 2012 U.S. Dist.
LEXIS 176313 (D. Mont. Dec. 12, 2012).  Warden Duffy further
objects to the request on the grounds that training manuals are not
relevant to the parties' claims and defenses, nor reasonably
calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1).

Without waiving these objections, Warden Duffy responds that,
although the issue of inmate threats may be discussed in various
lesson plans, CDCR has no "training manual which pertains to
prison staff actions when either threatened by, or in fear of one's
safety by a CDCR prison inmate."   Therefore, no documents
responsive to Heilman's request exist.    To the extent that
documents used for training purposes may tangentially refer to
inmate threats, such documents are privileged as stated in the
preceding objections, and are itemized in Duffy's privilege log.

[9] Warden Duffy states in pertinent part, Duffy Decl. at ¶¶ 7-9, ECF No. 81 at 3-4:

7. . . . Simply put, these materials implicate the most dangerous
aspect of working in corrections: the constant threat of physical
violence.  These materials reveal how correctional staff are trained
to respond to both routine challenges and emergencies.    A
determined inmate could study these documents and learn how
many staff would be expected to respond to any emergency;
whether and how additional help would be summoned; where staff
would be expected to set up; what weapons or tools staff might
respond with; and how staff might respond tactically, among other

(continued…)

1  Privileges are narrowly construed because they impede the full and fair discovery of the

2  truth.  "Federal common law recognizes a qualified privilege for official information."  Sanchez

3  v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990).  This qualified privilege "must be

4  formally asserted and delineated in order to be raised properly."  Kerr v. U.S. District Court, 511

5  F.2d 192, 198 (9th Cir. 1975) aff'd, 426 U.S. 394 (1976) (internal citations omitted).  To properly

6  invoke the official information privilege, "[t]he claiming official must 'have seen and considered

7  the contents of the documents and himself have formed the view that on grounds of public

8  interest they ought not to be produced' and state with specificity the rationale of the claimed

---

sensitive information.  For an inmate intent on doing violence to staff, another inmate, or himself, these materials provide a roadmap for how to do so.  Disclosure of these items would needlessly compromise staff and inmate safety.

8.   There is no guarantee that even with a carefully-crafted protective order, dissemination of these materials could or would end with Mr. Heilman.  Heilman is not an ordinary civil-rights plaintiff; he is a Level II medium-security inmate living in a communal setting.  In this environment, he interacts with hundreds of prisoners each day.  Inmates try to pressure and coerce other inmates to do their bidding on an hourly basis; this should come as no surprise.  What may be surprising is that court papers and litigation documents are among the more common types of materials sought through inmate-on-inmate intimidation.  Given their potential for misuse, the training materials at issue would be extremely valuable among the inmate population and Heilman could become a target if other inmates knew he possessed them. Even if Mr. Heilman was not targeted by other inmates, the materials would still hold immense value, and he could barter them if he chose to do so.  For these reasons, I do not believe a protective order would be sufficient to guard against the risks of disclosing these training materials.

9.  It is impossible to accurately gauge the harm that could come from disclosure of the materials at issue.  The risks would depend on how many inmates were exposed to the sensitive information, which inmates were exposed (although all inmates are potentially dangerous, some are more prone to violence than others), and whether the materials were reproduced, which would allow vast numbers of inmates time to study the materials in their cells independently.  Moreover, the full risks could not be known immediately, and might not be for many years.  Nonetheless, any inmate who had reviewed and internalized the training materials identified in Log Numbers 2-18 would immediately have a better understanding how to outmaneuver correctional staff in a litany of dangerous or emergency situations.

18

1    privilege."  Id.

2         The party invoking the privilege must at the outset make a "substantial threshold

3    showing" by way of a declaration or affidavit from a responsible official with personal

4    knowledge of the matters attested.  Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal.

5    1995).  "The affidavit must include: (1) an affirmation that the agency generated or collected the

6    material in issue and has maintained its confidentiality; (2) a statement that the official has

7    personally reviewed the material in question; (3) a specific identification of the governmental or

8    privacy interests that would be threatened by disclosure of the material to plaintiff and/or his

9    lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would

10   create a substantial risk of harm to significant governmental or privacy interests, and (5) a

11   projection of how much harm would be done to the threatened interests if disclosure were made."

12   Kelly v. City of San Jose, 114 F.R.D. 653, 670 (N.D. Cal. 1987). In addition, "[t]he asserting

13   party, as in any case where a privilege is claimed, must sufficiently identify the documents so as

14   to afford the requesting party an opportunity to challenge the assertion of privilege."  Miller v.

15   Pancucci, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

16        Once a threshold showing has been made that the official privilege applies, the court must

17   balance the interests and decide whether the conditional privilege applies.  "To determine whether

18   the information sought is privileged, courts must weigh the potential benefits of the disclosure

19   against the potential disadvantages.  If the latter is greater, the privilege bars discovery."

20   Sanchez, 936 F.2d at 1033-34; see also Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal.

21   1990).  "The balancing approach of the Ninth Circuit is mirrored in this and other courts'

22   previous determinations that a balancing test is appropriate when the disclosure of law

23   enforcement files in a civil action is at issue."  Doubleday v. Ruh, 149 F.R.D. 601, 609 (E.D. Cal.

24   1993).

25        In the present case, Warden Duffy, a responsible official with personal knowledge of the

26   matters at issue, states that he personally reviewed the subject materials, which were generated by

27   ////

28   ////

19

1    officials within CDCR, which has in turn maintained the confidentiality of the materials.[10]  See

2    Duffy Decl. at ¶¶ 1-6 , ECF No. 81 at 1-3.  Warden Duffy further attests that disclosure of the

3    materials, even if subject to a carefully drafted protective order, would threaten the safety of

4    inmates and staff, and jeopardize the security of CDCR institutions.  Thus, Warden Duffy's

5    declaration meets the threshold requirements for demonstrating application of the official

6    information privilege.

7         The next inquiry is made by the court, by balancing the potential benefits and

8    disadvantages of disclosure.  Plaintiff asserts that this material is relevant to his claim that

9    defendant Wasko failed to take any officially sanctioned steps in responding to plaintiff's

10   allegedly threatening conduct toward Wasko, thus undermining defendant's assertion that he felt

11   threatened by plaintiff and supporting plaintiff's claim that defendant's challenged conduct was

12   retaliatory.  Plaintiff seeks to demonstrate that any alleged legitimate correctional goal for

13   Wasko's challenged conduct was merely pretextual.

14        While plaintiff's objectives are reasonable, balancing the respective interests weighs

15   against wholesale disclosure of CDCR's methods and strategies for maintaining control in its

16   institutions.  Without this material, plaintiff may still require defendant Wasko to identify the

17   officially sanctioned ways that he responded to plaintiff's allegedly threatening conduct, as well

18   as the official sanctioned responses that he did not pursue.  Permitting plaintiff to comb through

19   CDCR's training materials to identify options that defendant allegedly pursued or failed to pursue

20   is no more than a fishing expedition, at significant risk to the safety and security of CDCR

21   inmates and staff.

22        For these reasons, the court finds that the risks of disclosure outweigh the potential

23   benefits, and therefore denies plaintiff's motion to compel Warden Duffy's further responses to

24   his Request No. 7.

25   ////

26

27   _____

     [10]  Plaintiff offers no support for his assertion that these materials are "public records."  ECF No.
     82 at 7.  If true, plaintiff could obtain access to these materials without a court order.
28

1        D.  Request No. 8

2        Pursuant to this request, plaintiff seeks the following:

3              Request No. 8: Please provide a copy of the Confidential
         Supplement (Attachment "C") attached to Inmate Heilman's CDC
4        No. H-76785, CDC Form 602 staff complaint Log No. CMF-11-M-
         01341.
5

6        Warden Duffy objected to this request on grounds of privilege and relevance.[11]  The

7    responsive document is referenced as Log Number 1, in Warden Duffy's privilege log, and its

8    retention is premised on the deliberative process privilege, self-critical analysis privilege, and

9    common law.  Review of the privilege log indicates, as earlier noted, that the Confidential

10   Attachment C was authored by CMF Lt. D. Ross, and received or reviewed by seven CMF or

11   Office of Appeals staff, but not by defendant Wasko.  See ECF No. 81 at 18.  This procedure is

12   consistent with that set forth in CDCR's Operations Manual, Section 54100.25.2 (Processing of

13   Staff Complaints).[12]

14   _____

15   [11]  Warden Duffy responded as follows, ECF No. 85 at 9:

16              Response to Request No. 8:  Warden Duffy objects to item number
         eight on the grounds that the sought documents are subject to
17       deliberative process privilege, self-critical analysis privilege, and
         common law privilege.  A privilege log and declaration supporting
18       these assertions of privilege will be served upon inmate Heilman
         within a reasonable time, and by the date for responding to the
19       subpoena.   See DG Acquisition Corp., 151 F.3d at 81 (a full
         privilege log may follow objections "within a reasonable time").
20       Warden Duffy further objects on the grounds that responsive
         materials are protected in light of substantial risks to staff, inmate,
21       and public safety if the documents were disclosed.  Fed. R. Civ. P.
         45(d)(3)(A)(iii).  In addition, inmate Heilman is not permitted to
22       possess the requested items under Title 15, sections 3450(d) and
         3321(a)(1).  Finally, Warden Duffy objects to the request on the
23       grounds that a confidential attachment reflecting an internal
         investigation into inmate Heilman's grievance is not relevant to the
24       parties' claims and defenses, nor reasonably calculated to lead to
         admissible evidence.  Fed. R. Civ. P. 26(b)(1).
25
     [12]  Section 54100.25.2 provides in pertinent part:
26
              When an allegation does not warrant an Internal Affairs
27       investigation or the matter is declined by the Office of Internal
         Affairs, but does warrant an inquiry, the following shall occur:
28   (continued…)

21

Plaintiff contends that Duffy's objections are unfounded and that this information is essential to plaintiff's retaliation claim.  In permitting inclusion of this document in the authorized subpoena duces tecum, this court expressly found that the "staff Complaint, CMF-11-01341, is related to plaintiff's allegations in this action."  ECF No. 32 at 5; see also id. at 5-7.  Plaintiff correctly asserts that, in general, a Confidential Attachment C to an inmate staff complaint sets forth the findings of the official investigation into the inmate's allegations.  Plaintiff states, persuasively, that it "contains the analysis of the staff member in question's actions, and more often than not, a more truthful account of said staff member's conduct than what is revealed on the Form 602 returned to the inmate."  ECF No. 82 at 10.

Plaintiff also notes that the court required disclosure of a separate Confidential Attachment C in another of plaintiff's cases, Heilman v. Vojkufka, Case No. 2:08-cv-02788 KJM EFB P.  In that case, plaintiff sought disclosure of the "Confidential Supplement to Appeal, Appeal Inquiry (Attachment 'C'")" of 602 Staff Complaint. Appeal Log No. CMF-M-07-01295." Id., ECF No. 38 at 5, n. 2.  The court authorized disclosure pursuant to a subpoena duces tecum, id. at 6-7, which was served by the United States Marshal on CDCR, ECF No. 53, and ultimately obtained by plaintiff, see ECF No. 81 at 10-11, Ex. 2, despite an apparently routine notation at the top of the document that the supplement was "Not for Inmate Distribution;" see also ECF No. 88

---

• The appeals coordinator will assign the staff complaint for a first or second level response at the discretion of the hiring authority.

• A Confidential Appeal Inquiry shall be conducted in conjunction with the review response.

• Review and approval of the Confidential Appeal Inquiry supplement by the hiring authority or their delegated representative no lower than the level of a Chief Deputy Warden or equivalent shall occur.

• The appellant need not be interviewed by the person preparing the appeal response if a confidential inquiry has been completed.

• The appeal inquiry supplement with a red cover sheet attached, designating it as confidential, is to be placed in the appeal file.

The appellant will not be provided a copy.

22

1   (noting, significantly, a factual discrepancy between the findings contained in the supplement and

2   the defendant's declaration).

3          Warden Duffy does not contest the relevance of this material.  Rather, he asserts that

4   CDCR's internal investigative procedures will be compromised "if compelled disclosure of

5   internal reports like the one at issue becomes commonplace."[13]  ECF No. 81 at 5.

6          The Ninth Circuit does not recognize the "self-critical analysis" privilege.  See e.g. Union

7   Pacific R.R. v. Mower, 219 F.3d 1069, 1076 n.7 (9th Cir. 2000) and citations therein.  The

8   deliberative process privilege, which is qualified, is intended to protect the quality of agency

9   decisions by promoting frank and independent discussion among those responsible for

10   governmental decision-making.  See e.g. Federal Trade Commission v. Warner Communications,

11   Inc., 742 F.2d 1156, 1161 (9th Cir. 1984).  A litigant may obtain discovery of materials protected

12   by the privilege if the need for the materials outweighs the governmental interest in keeping the

13   decision-making process confidential.  In deciding whether to override the privilege and allow

14   discovery, there are four factors to be considered:  "(1) the relevance of the evidence; (2) the

15   availability of other evidence; (3) the government's role in the litigation; and (4) the extent to

16   which disclosure would hinder frank and independent discussion regarding contemplated policies

17   and decisions."  Id.

18          The court is persuaded that the requested Confidential Attachment C to plaintiff's subject

19   inmate appeal challenging the conduct of defendant Wasko may be clearly and uniquely relevant

20   ─────────────────────

[13] Warden Duffy states in pertinent part, Duffy Decl. ¶ 10, ECF No. 81 at 4-5:

>       10. . . . Whenever an inmate files an administrative grievance,
>   correctional staff are interviewed as needed to investigate the
>   complaint.   Staff  cooperation  is  not  optional.   Candid
>   communications are essential not only to resolving the specific
>   grievance, but to identifying and resolving larger problems
>   affecting the institution.  At the time they are prepared, the
>   confidential portions of any grievance are not released to the
>   inmate, and they are not intended for public distribution. CDCR
>   does everything in its power to maintain the confidentiality of these
>   materials.   At a minimum, if compelled disclosure of internal
>   reports like the one at issue becomes commonplace, it is likely to
>   chill the flow of investigative information provided by witnesses,
>   informants, and investigators in the future.

1   to the allegations and claims in this action; no other evidence provides an official assessment of

2   Wasko's challenged conduct.  In addition, the court finds that requiring disclosure will not hinder

3   CDCR's frank and independent assessment of alleged staff misconduct, on a case by case basis.

4   Nevertheless, the court is cognizant that unfettered disclosure of the document may jeopardize

5   institutional security.  Accordingly, Warden Duffy will be directed to submit the document for in

6   camera review, and the court will then make a final assessment as to its relevance and, if

7   appropriate, the method of disclosure.

8        Warden Duffy is directed to submit, within fourteen days after the filing date of this order,

9   an unredacted copy of the subject Confidential Attachment C to plaintiff's inmate appeal Log No.

10  CMF-11-M-01341, for this court's in camera review.  Warden Duffy may also submit,

11  contemporaneously, a proposed redacted copy of the Attachment that would provide plaintiff with

12  the relevant information while minimizing or eliminating any potential risk arising from

13  disclosure.  Thereafter, the court will issue a final order issue order granting or denying plaintiff's

14  request for disclosure of this document, subject to any appropriate conditions.

15       E.  Request No. 9

16       Pursuant to this request, plaintiff seeks the following:

17           Request No. 9:  Please provide all thirty-seven pages of documents,
             records, e-mails or information previously authorized to be
18           disclosed to plaintiff by A. Sheldon, CC-II, Litigation Coordinator
             at CMF-Vacaville if not redundant to Plaintiff's other designated
19           records/materials requests.  (See correspondence to Plaintiff by A.
             Sheldon, Lit. Coord. at CMF dated February 20, 2014. Attached
20           hereto).

21       Warden Duffy responded that the documents would be provided upon plaintiff's payment

22  of the copying expenses:

23           Response to Request No. 9:  Subject to the global objections
             asserted above, the requested thirty-seven pages will be provided to
24           inmate Heilman upon receipt of payment for such copies, as
             provided in the Court's order.
25

26       As earlier noted, these documents were identified by CDCR's Office of Legal Affairs in

27  response to a request from plaintiff pursuant to the California Public Records Act.  The

28  documents are included in plaintiff's subpoena only because the CMF Litigation Coordinator

1   offered to provide them upon plaintiff's payment of the costs for copying and mailing these

2   materials, a total of $6.44 ($4.44 for copying 37 pages), and ($2.00 for mailing).  See ECF No. 81

3   at 14.  Plaintiff does not dispute that he is responsible for the costs of providing the identified

4   documents, but asserts that he should be permitted to review the documents to determine whether

5   he already possesses some of them, and then to obtain copies of only those documents that would

6   be newly acquired.

7          In light of the minimal costs of full production, the court finds that the burdens attendant

8   to plaintiff's request to exercise his discretion to review and direct the selective copying of these

9   documents (including further expenses associated with the necessary involvement of staff,

10  availability of copying, and possible further mailing), outweighs any potential benefit.  See

11  generally Fed. R. Civ. P. 26(b).  Accordingly, if plaintiff wants these materials, he must first

12  submit a check for $6.44 payable to the California Department of Corrections and Rehabilitation,

13  and shall do so within thirty (30) days after the filing date of this order.

14  IV.  Summary

15         The motion to quash filed by Warden Duffy, ECF No. 80, is granted with the following

16  exception: Warden Duffy shall, within fourteen days after the filing date of this order, submit for

17  in camera review the Confidential Attachment C identified in Request No. 8, and may also submit

18  a proposed redacted copy of the document.  Plaintiff's motion, ECF No. 82, to compel Warden

19  Duffy's responses to plaintiff's subpoena duces tecum is granted in part.

20                PLAINTIFF'S MOTION FOR LEAVE FOR "COURT EN BANC REVIEW"

21         In this motion, filed January 12, 2015, plaintiff seeks "en banc review" of the

22  undersigned's Findings and Recommendations filed September 13, 2013, ECF No. 32, which in

23  pertinent part recommended dismissal of three of plaintiff's retaliation claims due to plaintiff's

24  failure to administratively exhaust those claims.  ECF No. 92.  The District Judge adopted the

25  Findings and Recommendations by order filed December 18, 2013.  ECF No. 36.  Several months

26  later, on 18, 2014, plaintiff filed a Motion for Reconsideration.  ECF No. 51.  By order entered

27  August 25, 2014, the District Judge denied plaintiff's motion for reconsideration. ECF No. 72.

28         Plaintiff now asserts that he did not timely receive notice of the District Judge's order, and

1    requests "en banc" review of the undersigned's findings that plaintiff did not exhaust his

2    administrative remedies as to three subject 128-B General Information Chronos.  Plaintiff asserts

3    that he inadvertently failed to include certain matters in his objections to the Findings and

4    Recommendations, e.g., that plaintiff timely re-filed Log No. CMF-12-00106 after it was

5    screened out for containing multiple issues; that the appeal was improperly cancelled at Third

6    Level Review; and that further administrative remedies were therefore effectively unavailable to

7    plaintiff.  See generally ECF No. 92.

8            Neither the Federal Rules of Civil Procedure nor the Local Rules of this court provide for

9    the "en banc" review sought by plaintiff.  Moreover, it is clear that plaintiff's reasons for pursing

10   this novel request are without merit, as the undersigned fully addressed these matters in the

11   subject Findings and Recommendations, ECF No. 32 at 7-10.

12           Accordingly, plaintiff's motion for "en banc review," ECF No. 92, is denied.

CONCLUSION

14           For the foregoing reasons, IT IS HEREBY ORDERED that:

15           1.  Plaintiff's motion, ECF No. 68, to compel further responses to his Requests for

16   Admissions (Set Two) (Request Nos. 15 and 18), and for sanctions, is denied in full.

17           2.  Plaintiff's motion, ECF No. 86, for sanctions (entitled "Addendum"), based on

18   defendant's alleged bad faith in supplementing his responses to plaintiff's Requests for

19   Admissions (Set Two) (Request Nos. 20 and 21), is denied in full.

20           3.  Plaintiff's request for judicial notice, ECF No. 93, is denied.

21           4.  Plaintiff's motion, ECF No. 84, to require supplemental discovery responses to his

22   initial Requests for Admission, Request for Production of Documents, and Interrogatories, is

23   denied in full.

24           5.  The motion to quash filed by third-party Warden Duffy, ECF No. 80, is granted in part

25   and denied in part.

26           6.  Plaintiff's motion to compel further responses by Warden Duffy, ECF No. 82, is

27   granted in part and denied in part.

28           7.  Within fourteen (14) days after the filing date of this order, Warden Duffy shall submit

26

for in camera review the document identified in Request No. 8 of plaintiff's subpoena duces tecum.  Warden Duffy may also submit, at the same time, a proposed redacted copy of the document for purposes of disclosure to plaintiff.  The court will issue a further order after in camera review.

8.  To obtain the materials identified in Request No. 9 of plaintiff's subpoena duces tecum, plaintiff shall, within thirty (30) days after the filing date of this order, submit a check for $6.44 payable to the California Department of Corrections and Rehabilitation; failure to meet this deadline will result in the forfeiture of this option.

9.  Plaintiff's motion, ECF No. 92, for en banc review of the undersigned's Findings and Recommendations filed September 13, 2013, is denied.

SO ORDERED.

DATED: March 30, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

27