1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    THOMAS JOHN HEILMAN,                       No.  2:12-cv-1966 JAM AC P

12                  Plaintiff,

13           v.                                  ORDER

14    TODD WASKO, et al.,

15                  Defendants.

16

17          Plaintiff Thomas John Heilman is a state prisoner proceeding pro se and in forma pauperis

18    in this civil rights action filed pursuant to 42 U.S.C. § 1983, against sole defendant Correctional

19    Officer Wasko.  Plaintiff moves, for the second time, for reconsideration of the magistrate judge's

20    September 13, 2013 findings and recommendations, ECF No. 32, adopted by this court by order

21    filed December 18, 2013, ECF No. 36.  This court denied plaintiff's prior motion for

22    reconsideration on August 25, 2014.  See ECF Nos. 51, 72.  Plaintiff filed the instant on May 21,

23    2015.  ECF No. 112.  Defendant filed an opposition, ECF No. 114; plaintiff filed a reply, ECF

24    No. 115.

25          Plaintiff challenges the court's dismissal, on administrative exhaustion grounds,[1] of

26    _____

27    [1]  This matter was resolved prior to the Ninth Circuit's decision in Albino v. Baca, 747 F.3d 1162
     (9th Cir. 2014), which requires that questions of administrative exhaustion now be decided
     pursuant to motions for summary judgment.  Although the challenged matter was decided on a
28    motion to dismiss, appropriate at that time, the parties submitted all of their respective supporting

plaintiff's retaliation claim premised on defendant's issuance of three allegedly retaliatory 128-B Chronos.  The court found that plaintiff had administratively exhausted only his retaliation claim premised on defendant's October 28, 2011 issuance of a CDC-115 Rules Violation Report (RVR) against plaintiff (later reduced to an administrative RVR).

Rule 60, Federal Rules of Civil Procedure, authorizes a party to file a motion for relief from any order "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  No additional time constraints are imposed by the rule where, as here, plaintiff seeks relief premised not on an enumerated reason but on "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6); cf. id., 60(b)(1)-(5).  Nevertheless, application of Rule 60(b)(6) is subject to an "extraordinary circumstances" standard, so as not to permit "a second bite at the apple," but to avoid inequitable results and to accomplish justice.   In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989).

In addition, Local Rule 230 requires that a motion for reconsideration identify "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and a statement explaining "why the facts or circumstances were not shown at the time of the prior motion."  Local Rule 230(j)(3), (4).  Derived from the "law of the case" doctrine, this rule ensures that legal decisions in a given case "should be followed unless there is substantially different evidence . . . , new controlling authority, or the prior decision was clearly erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

---

evidence, which was carefully considered by the court.  Plaintiff does not contend that the court lacked relevant evidence in making its determination, only that the court reached the wrong conclusion.

2

1    Pursuant to the present motion, plaintiff asks the court to review the evidence underlying

2  the Magistrate Judge's September 13, 2013 findings and recommendations, adopted by the

3  undersigned by order filed December 18, 2013.  Plaintiff contends that his relevant administrative

4  appeal, Log No. CMF-12-M-0106, was erroneously cancelled as untimely, and that

5  this court should therefore find that plaintiff was prevented from exhausting his administrative

6  remedies as to the three retaliatory 128-B Chronos challenged therein.  See ECF No. 112 at 45;

7  see generally ECF No. 112 and attached exhibits.

8    The court previously carefully considered these matters.  See Findings and

9  Recommendations, ECF No. 32 at 7-10; and Order, ECF No. 36.  The same argument was

10  presented in plaintiff's original opposition to defendant's motion to dismiss, ECF No. 24, and in

11  plaintiff's objections to the Magistrate Judge's findings and recommendations, ECF No. 35.

12  Plaintiff again pursued this argument in his first motion for reconsideration.  See ECF No. 52.

13  As the court found in denying that motion, plaintiff presented no new evidence, or asserted any

14  new or different facts or circumstances, and his arguments were repetitive of those arguments

15  made in his previous filings.  See Local Rule 230(j)(3), (4); see also ECF No. 72 (Order docketed

16  August 25, 2014).  Plaintiff again pursued this matter before the Magistrate Judge, requesting "en

17  banc" review of the Magistrate Judge's findings and recommendations, ECF No. 92, which the

18  Magistrate Judge denied because plaintiff's claims were fully addressed in the findings and

19  recommendations, ECF No. 102 at 25-6.  In his present motion, plaintiff again fails to present any

20  new evidence or assert any new facts or circumstances warranting further review of this matter.

21  Nor has plaintiff demonstrated that the court's prior decision was clearly erroneous and/or

22  resulted in a miscarriage of injustice.  Cf. Handi Investment, 653 F.2d at 392.  In short, plaintiff

23  presents no grounds for reconsideration of a decision reached by the undersigned more than

24  eighteen months ago.

25    In addition, the court denies plaintiff's related request to authorize at trial the admission of

26  the three subject allegedly retaliatory 128-B Chronos.  The request is premature as it is not yet

27  clear that this action will proceed to trial.  The parties' respective motions for summary judgment

28  on the merits of this action are currently pending before the Magistrate Judge.

1    Finally, the court notes plaintiff's "objections for the record."  <u>See</u> ECF No. 116.

2  Nevertheless, the undersigned concurs with the Magistrate Judge's assessment and resolution of

3  the parties' discovery disputes as set forth in her order filed March 31, 2015.  <u>See</u> ECF No. 102.

4  Plaintiff's request for an extension of time within which to file his objections, ECF No. 110, is

5  denied as moot.

6    Accordingly, IT IS HEREBY ORDERED that:

7    1.  Plaintiff's motion for reconsideration filed May 21, 2015, ECF No. 112, is denied; and

8    2.  Plaintiff's motion for an extension of time, ECF No. 110, is denied as moot.

9  DATED:  July 9, 2015

10    /s/ John A. Mendez_____

11    UNITED STATES DISTRICT COURT JUDGE

4