UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, | No. 2:12-cv-1966 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| TODD WASKO, et al., | |
| Defendants. | |

I.   Introduction

Plaintiff is a state prisoner under the authority of the California Department of Corrections and Rehabilitation (CDCR) proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action proceeds on the original complaint filed July 26, 2012, ECF No. 1, against sole defendant Correctional Officer Wasko, challenging matters that arose during plaintiff's incarceration at the California Medical Facility (CMF).  Plaintiff is now incarcerated at the California Men's Colony (CMC) in San Luis Obispo.  When plaintiff initiated this action, he was incarcerated at the R.J. Donavan Correctional Facility (RJD) in San Diego.

Following the court's decision on defendant's motion to dismiss, see ECF Nos. 32, 36, this case proceeds only on plaintiff's First Amendment claim that defendant made false allegations against plaintiff in an October 2011 CDC-115 Rules Violation Report (RVR) (disciplinary charge), in retaliation for plaintiff filing an administrative grievance against

1  defendant in 2008.  The discovery deadline in this action expired on November 17, 2014, with
2  several discovery disputes then remaining between the parties.  By order filed March 31, 2015,
3  the court resolved all outstanding discovery matters.  See ECF No. 102.  Motions for summary
4  judgment filed by each party on the merits of plaintiff's claim are currently pending for decision.
5  See ECF No. 95, 97.

6  Presently pending before the court are three matters filed by plaintiff:  (1) a request for
7  judicial notice, ECF No. 109;[1] (2) a motion to extend time for obtaining subpoenaed documents,
8  ECF No. 110;[2] and (3) a motion to expunge certain documents from plaintiff's prison central file,
9  ECF No. 108.  The court addresses these matters ad seriatim.

10  II.     Request for Judicial Notice

11  Plaintiff requests that, in deciding the pending motions for summary judgment, the court
12  take judicial notice of the contents of "Attachment C," the December 1, 2011 Confidential
13  Supplement to Plaintiff's Appeal Log No. CMF-M-11-1341, prepared by correctional staff.  ECF
14  No. 109.  Defendant has not opposed the request.

15  As this court previously discussed, CDCR regulations require that "Confidential
16  Supplements" be designated "Not for Inmate Distribution" in order to promote full disclosure by
17  staff while promoting institutional security.  See 15 C.C.R. §§ 3450(d), 3321(a); see generally
18  ECF No. 102 at 21-4.  In the instant case, this court ordered an in camera review of the subject
19  "Confidential Supplement/Attachment C" after finding that it may be "uniquely relevant" to the
20  issues in this case because "no other evidence provides an official assessment of Wasko's
21  challenged conduct."  Id. at 23-4.  Following in camera review, the court ordered disclosure of the
22  document upon a finding that "the disclosure of this document to plaintiff in unredacted form will
23  not jeopardize institutional security."  ECF No. 105 at 1-2.

---

[1] Pursuant to this motion, plaintiff also requests that the court re-send a copy of the court's order filed March 31, 2015, ECF No. 102.  However, in a subsequent filing, plaintiff states that he obtained a copy of the court's order, see ECF No. 110 at 3, which the court re-served on April 29, 2015.

[2] This motion also seeks an extension of time to file objections to the undersigned's March 31, 2015 order.  That portion of the motion has been addressed by the district judge.  ECF No. 117.

For the same reasons, it is reasonable for this court to take judicial notice of the existence of the subject document and the findings and conclusions reached therein. See Fed. R. Evid. 201. Although the summaries therein of statements reportedly made by plaintiff and defendant in 2011 may not be used to prove the truth of the matters asserted, see Fed. R. Evid. 801(c) (definition of hearsay), they may be used to assess the consistency of each party's current testimony, see Fed. R. Evid. 801(d) (statements that are not hearsay). So limited, plaintiff's request for judicial notice, ECF No. 109, is granted.

### III. Motion to extend time to obtain subpoenaed documents

Plaintiff seeks a thirty-day extension of time to review the materials identified by CDCR's Office of Legal Affairs in response to plaintiff's California Public Records Act request, in order for plaintiff to decide whether to pay for copies of the materials. CDCR has identified 37 responsive pages, located at CMF. The cost to plaintiff for obtaining these pages was assessed at $6.44 ($4.44 copy expenses, and $2.00 postage). See ECF No. 81 at 14 (CDCR Amended/ Operative Response); see also ECF No. 93 at 9-11 (setting forth plaintiff's requests and CDCR's original response). Plaintiff's Public Records request was subsequently included as Request No. 9 in his subpoena duces tecum served on former CMF Warden Brian Duffy, on September 19, 2014, by the United States Marshal. In authorizing inclusion of plaintiff's request in his subpoena, the court emphasized that plaintiff would remain responsible for the associated costs. As explained by the court by order filed September 8, 2014, ECF No. 74 at 2:

> Plaintiff's ninth request for documents requires them to be photocopied at the expense of Warden Duffy. Plaintiff was previously cautioned that he is still required to photocopy any documents responsive to a subpoena duces tecum at his own expense. The court will not shift that burden to a non-party. Accordingly, the ninth request shall be limited to the production of said documents for plaintiff's inspection and photocopying at his own expense.

This requirement was reiterated by the court in its order filed March 31, 2015, ECF No. 102 at 9-10, 27:

> Plaintiff does not dispute that he is responsible for the costs of providing the identified documents, but asserts that he should be permitted to review the documents to determine whether he already

3

> possesses some of them, and then to obtain copies of only those documents that would be newly acquired. [¶] In light of the minimal costs of full production, the court finds that the burdens attendant to plaintiff's request to exercise his discretion to review and direct the selective copying of these documents (including further expenses associated with the necessary involvement of staff, availability of copying, and possible further mailing), outweighs any potential benefit. See generally Fed. R. Civ. P. 26(b). Accordingly, if plaintiff wants these materials, he must first submit a check for $6.44 payable to the California Department of Corrections and Rehabilitation, and shall do so within thirty (30) days after the filing date of this order. . . . failure to meet this deadline will result in the forfeiture of this option.

Plaintiff now seeks another thirty days "to obtain the materials," pursuant to the following suggested process. Plaintiff wants the CMF Litigation Coordinator to identify which subject matters within his request, see ECF No. 93 at 9-10, are addressed by the responsive pages, and to so inform plaintiff; then plaintiff wants to decide "if these materials are relevant" and, if so, to request funds from family members to pay for the copying and mailing expenses. See ECF No. 110 at 3.

Plaintiff's request will be granted in part. No further assessment of the materials will be permitted, for the reasons stated in the court's March 31, 2015 order, see ECF No. 102 at 9-10. This court – and CDCR staff – have already spent an inordinate amount of time on this matter. However, plaintiff will be accorded additional time (30 days) to send his check to CDCR (or have a family member do so) in order to obtain the materials. No further extensions of time will be granted, and the court will not further address this matter.

IV.     Motion to Expunge

Plaintiff moves to expunge "records (documents and/or false notices of 'guilty') from his prison central file and the CDCR S.O.M.S. [Strategic Offender Management System] Electronic File" (hereafter "SOMS"). ECF No. 113 at 1-2. Plaintiff seeks an order directing the CMC Warden or Deputy Attorney General T.R. Hixson, see infra, to expunge these "retaliatory documents" and "false notices of disciplinary wrongdoing." Plaintiff contends that these matters reflect independent retaliatory acts ("placed by unknown officials," ECF No. 108 at 2, "most likely" by defendant Wasko, ECF No. 113 at 3) in violation of plaintiff's First Amendment rights to file grievances and pursue civil litigation against correctional staff. Plaintiff further contends

1  that the official retention and maintenance of these matters violates state law[3] and his federal due
2  process rights and unfairly prejudices plaintiff for prison housing and employment opportunities
3  and parole consideration. Defendant has filed an opposition, ECF No. 11; plaintiff has filed a
4  reply, ECF No. 113. Although the court examines plaintiff's arguments in detail, plaintiff's
5  motion must be denied.

6        The challenged records appear to be limited to the following: (1) A November 29, 2011
7  email from defendant Wasko (then Correctional Counselor I) to Jose Zometa (Correctional
8  Officer II) discussing defendant's security concerns about plaintiff; and (2) an allegedly current
9  notice (although apparently shown to plaintiff for the first and last time upon his transfer to CMC
10 in September 2013, see ECF No. 108 at 3, and ECF No. 33) on the "'precautions' page" of
11 CDCR's SOMS that plaintiff was found "guilty" of "threatening staff" as originally alleged by
12 defendant on November 28, 2011, see ECF No. 108 at 3.

13       The subject email written by defendant provides in pertinent part:

> I originally documented this incident on a 128B, however, Captain Walker had me change it to a 115. The fact that the RVR was [later] reduced to a 128A does not change my belief that Heilman is a threat to my safety. Please keep me advised if administration plans to release Heilman from ASU. I want it to be very well known that I do not want him here at CMF on our mainline. I've had way to[o] many conflicts with him. Let me know if you need any more documentation from me.

19 See ECF No. 108 at 12 (Pl. Ex. A) (original deleted). Plaintiff states that he discovered the email
20 pursuant to an Olsen review of his central file prior to a parole consideration hearing. Plaintiff

---

[3] Plaintiff contends that the retention of the challenged documents violates the following state regulations: (1) 15 C.C.R. § 3450(a) (authorizing an inmate to request that his record or file be amended "to correct outdated, inaccurate or incomplete information); and (2) 15 C.C.R. § 3326(a)(2), which provides in pertinent part:

> When the inmate is found not guilty of the act charged or when the charge is dismissed for any reason, the documents prepared for and used in the disciplinary process shall not be placed in any file pertaining to the inmate. However, two copies of any CDC Form 115 used in the disciplinary process shall be completed as to findings and disposition. One copy of the completed report shall be filed in the Register of Institution Violations. The other completed copy shall be provided to the inmate. All other copies of the CDC Form 115 and all supplemental reports shall be destroyed.

contends that "[p]ersonal E-mails from one prison official to another are improper to be placed in an inmate's Central file especially the one lodged by Defendant Wasko containing the now-known self-incriminating information that it was Captain J.R. Walker who 'had' the defendant 'change' a General 128-B chrono to a serious 115 RVR against Heilman for the act of 'threatening staff.'" Id. Plaintiff further notes that CO Zometa "sat on the Institutional Classification Committee at CMF-Vacaville, to have plaintiff adversely transferred as an alleged 'threat' to the defendant's 'safety.'" Id.

As this court has previously noted, see ECF No. 102 at 4-5, pursuant to the November 17, 2011 hearing on the original CDC-115 RVR filed by defendant against plaintiff (entitled "Threatening Staff"), Senior Hearing Officer Lt. Thomas reduced the "Serious RVR" to an "Administrative CDC 115," which he dismissed; the hearing officer then documented plaintiff's alleged conduct on a CDC 128-A Custodial Counseling Chrono (CCC), for violation of 15 C.C.R. § 3004(b) (requiring inmates to be respectful toward other inmates and correctional staff), and "warned and counseled [plaintiff] in regard to his future behavioral expectations." ECF No. 1 at 68, Ex. G; ECF No. 108 at 14-5 (Pl. Ex. B). The CCC indicates that the original copy would be placed in plaintiff's central file (C-File), with copies sent to plaintiff, Lt. Thomas, plaintiff's counselor and his unit supervisor. Plaintiff now asserts that the security alert about plaintiff on CDCR's SOMS is patently false, because plaintiff was found "not guilty" of "threatening staff," as alleged in the original RVR.

It appears that plaintiff has attempted, at three institutions (CMF, RJD and CMC), to expunge these matters. Plaintiff directs the court's attention to his Appeal Log No. CMF-12-M-025, which sought, inter alia, to remove from his central file the 128-A CCC that remained after the dismissal of the subject RVR. See ECF No. 108 at 17-26 (Pl. Ex. C). In a decision issued February 22, 2012, CMF Warden Singh denied plaintiff's request and deemed his administrative remedies exhausted at the Second Level, ruling as follows, id. at 24:

> The 128-A CCC dated November 17, 2011 is the institution's official record of the events of October 28, 2011 resulting [in] the Appellant's placement in the Administrative Segregation Unit and eventual transfer from CMF to RJD. The request to change or

remove the 128-A from the central file is denied.  The request for a re-issue/re-hearing of the dismissed RVR is denied.

Plaintiff also directs the court's attention to RJD's April 26, 2012 First Level decision partially granting his Appeal Log No. RJD-A-12-00599, which approved expungement of the RVR but not the CCC and underlying documentation.  That decision provided in pertinent part:

> [I]t is within your rights to have a dismissed RVR removed from your C-file.  The RVR for Threatening Staff, Log #02-N-1011-062, will be removed from your C-file.  However, the CDC 128A does not have a title of threatening staff and states in part that the original RVR written for threatening staff was reduced and ultimately dismissed.  All the information noted on the 128A is relevant and is not to be censured because you were found guilty of the lesser included offense of Disrespect toward Staff.

Most recently, at CMC, plaintiff submitted a Form 22 requesting expungement of the Wasko-Zometa email.  Plaintiff was informed on August 8, 2014, that "[d]ue to pending litigation (Case # 13-cv-02984)[4] no document shall be removed from your file."  ECF No. 108 at 5, 31 (Pl. Ex. E).  Plaintiff includes a copy of an April 30, 2014 letter written to the CDCR Case Records Manager by Deputy Attorney General T. R. Hixson, who represents the defendants in the noted case filed by plaintiff in the Southern District of California.  That letter states in pertinent part: "It is imperative that [plaintiff's] prison records, including the central file and medical records, and other case related documents and evidence be preserved during the pendency of this litigation."  Id. at 33.  Plaintiff states that he independently "met and conferred" with Deputy Attorney General Hixson on this matter, but she refused to approve the removal of the Wasko-Zometa email.  Plaintiff maintains that "said email is unrelated to the case represented by T. Hixson."  Id. at 5.

Defendant opposes plaintiff's expungement motion on the following grounds:[5]  (1) the court does not have jurisdiction over the CMC Warden or Office of the Attorney General; (2) plaintiff is improperly seeking court-ordered spoliation of evidence; and (3) plaintiff has not

---

[4] The referenced action, Heilman, v. Silva et al., Case No. 3:13-cv-02984 JLS MDD P (S.D. Cal. 2013), asserts myriad claims against several defendants at RJD, and remains pending.  The Final Pretrial Conference is scheduled for August 13, 2015.  Id., ECF No. 192.

[5] Defendant also contends that plaintiff's request does not meet the requirements for issuing a preliminary injunction, which is indisputable.

7

1   asserted a federal due process claim.

2   Defendant is correct that "[a] federal court may issue an injunction [only] if it has personal
3   jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to
4   determine the rights of persons not before the court." Price v. City of Stockton, 390 F.3d 1105,
5   1117 (9th Cir. 2004) (citation and internal quotation marks omitted). The claims in this action
6   rest on allegations that defendant Wasko retaliated against plaintiff while he was incarcerated at
7   CMF. The court does not have jurisdiction in this action over prison officials at CMC or the
8   Attorney General's Office based on their defense in another of plaintiff's actions filed in a
9   different court. This court therefore cannot issue the order plaintiff requests.

10  Defendant is also correct that the Wasko-Zometa email in plaintiff's C-File is part of the
11  record in the instant action and relevant to plaintiff's retaliation claim against defendant Wasko.
12  "The duty to preserve evidence begins when litigation is pending or reasonably foreseeable.
13  Thus, spoliation refers to the destruction or material alteration of evidence or to the failure to
14  preserve property for another's use as evidence in pending or reasonably foreseeable litigation."
15  Micron Technology, Inc. v. Rambus Inc., 645 F.3d 1311, 1320 (Fed. Cir. 2011) (citations,
16  punctuation and internal quotation marks omitted). Under this standard, CDCR has a duty
17  independent of state regulations to preserve evidence relevant to pending litigation, including the
18  instant case; this court may not direct otherwise. Consistently, on November 13, 2014, the
19  District Court for the Southern District of California denied plaintiff's motion for an order
20  directing Deputy Attorney General Hixon to remove her litigation block on plaintiff's prison
21  records. See Heilman, v. Silva et al., Case No. 3:13-cv-02984 JLS MDD P (S.D. Cal. 2013), ECF
22  No. 75 at 2 ("Ms. Hixson's letter appears to be intended to preserve evidence – not intended to
23  undermine C.C.R. Title 15 § 3450(a)").

24  Finally, defendant is also correct that, as to both the Wasko-Zometa email and the SOMS
25  warning, plaintiff does not state a cognizable due process claim. The Ninth Circuit does not
26  recognize a clearly established federal liberty interest for inmates to be free from false
27  accusations when procedural due process requirements have otherwise been met. See Garrott v.
28  Glebe, 600 Fed. Appx. 540, 542 (9th Cir. Apr. 22, 2015) (citing Freeman v. Rideout, 808 F.2d

8

949, 951-52 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988); Hanrahan v. Lane, 747 F.2d 1137, 1139-41 (7th Cir. 1984); and Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989)); accord, Velasquez v. Woods, 329 F.3d 420, 421-22 (5th Cir. 2003) (rejecting plaintiff's due process claim that he had been improperly registered in a state DNA database and tested based on erroneous information in his prison record).  Even if, as plaintiff merely speculates, the challenged information may impair plaintiff's options with respect to prison housing, employment or parole, such consequences cannot be said to "impose[] atypical hardship on the inmate in relation to the ordinary incidents of prison life" sufficient to give rise to a state-created liberty interest.  See Sandin v. Conner, 515 U.S. 472, 484 (1995).  "The alleged making of a false charge, however reprehensible or violative of state law or regulation, does not constitute deprivation of a federal right protected by 42 U.S.C. § 1983 when it does not result in the imposition of 'atypical hardship on the inmate in relation to the ordinary incidents of prison life.'"  Strong v. Ford, 108 F.3d 1386 (1997), 1997 WL 120757, *1 (quoting Sandin, 515 U.S. at 484; citing Freeman, 808 F.2d at 951).

   Plaintiff's further argument that correctional officials have failed to abide by state law does not state a federal claim.  See Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 (9th Cir. 1998) ("state law violations do not, on their own, give rise to liability under § 1983") (citation omitted).

   For these several reasons, the undersigned finds that plaintiff's challenges to the official retention of both the Wasko-Zometa email and the SOMS warning fail to state a cognizable federal claim, thus requiring that plaintiff's motion to expunge these matters be denied.

V.     Conclusion

   For the foregoing reasons, IT IS HEREBY ORDERED that:

   1. Plaintiff's request, ECF No. 109, that the court take judicial notice of the contents of the December 1, 2011 Confidential Supplement to Plaintiff's Appeal Log No. CMF-M-11-1341 ("Attachment C"), is granted, subject to the limitations set forth herein.

   2. Plaintiff's request for an extension of time, ECF No. 110, within which to provide CDCR with payment for the materials identified both in his Public Records request and Request No. 9 of his subpoena duces tecum served on Warden Duffy, is granted in part; plaintiff may

9

provide CDCR with payment in full ($6.44) within thirty days from the filing date of this order. Partial payment will not be permitted and no further extensions of time will be granted.

    3. Plaintiff's request for an order directing the expungement of records, ECF No. 108, is denied.

DATED: July 12, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10